IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. _____ |
| LEE D. WEISS,<br>CHRISTOPHER CONDY,<br>MONTECITO TRUST, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## COMPLAINT

1.      Plaintiff the United States of America brings this civil action to recover restitution under the Federal Debt Collections Procedures Act ("FDCPA"), 28 U.S.C. § 3301 *et. seq.*

## NATURE OF THE ACTION

2.      Defendant Lee D. Weiss was convicted of investment advisory fraud in the United States District Court for Eastern District of Pennsylvania, and on August 9, 2022, he was sentenced to five years' imprisonment and ordered to pay restitution to his victims in the amount of $7,500,000, along with a criminal fine of $250,000. *See* ECF No. 110, Judgment in a Criminal Case at 6, *United States v. Weiss*, Crim. No. 20–163 (E.D. Pa. Aug. 9, 2022).

3.      This is an action for a declaratory judgment that a portion of the assets resulting from the sale of two alcohol and drug treatment facilities (the "Facility Sale Proceeds") that were legally and beneficially owned by defendant Weiss, and, therefore, subject to a lien in favor of the United States under 18 U.S.C. § 3613, and available for immediate garnishment by the United States as restitution under 28 U.S.C. § 3205.

4.      Although defendant Weiss disguised his actual ownership through a complex series of corporate and other entities, Weiss, along with his business partner, defendant Christopher Condy, maintained the essential incidents of ownership over the

two alcohol and drug treatment facilities whose transactions generated the Facility Sale Proceeds. Thus, for example, Weiss and Condy maintained the authority to hire, promote, and fire employees, who were advised and believed that the defendants were the co-owners of the business. Likewise, defendant Weiss exercised the authority of an owner of a business to use company assets for personal purposes.

5.     The United States also seeks a declaration of absence of, or limits on, the interests of the remaining defendants in the Facility Sale Proceeds.

6.     Finally, the United States seeks an Order and Writ of Garnishment, under 28 U.S.C. § 3205, directed to the Facility Sale Proceeds, to enforce a restitution order entered against defendant Weiss.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter under 28 U.S.C. § 1345. In addition, the Court has jurisdiction over the United States' garnishment action under the FDCPA under 28 U.S.C. § 1355(a).

8.     This Court has personal jurisdiction over the defendants pursuant to 28 U.S.C. § 3004(b), which authorizes nation-wide service of process.

9.     Venue is proper in this district under 28 U.S.C. § 1395(a), because a civil proceeding for the recovery of a pecuniary fine or penalty may be brought in the district where it accrues.

## THE DEFENDANTS AND OTHER ENTITIES

10.     Defendant Lee D. Weiss is an individual person currently residing in the District of Massachusetts while serving a term of imprisonment under the judgment of conviction in *United States v. Weiss,* Crim. No. 20–163 (E.D. Pa.). Thereafter Weiss will serve a term of supervised release under the supervision of the United States District Court for the Eastern District of Pennsylvania.

11.     Defendant Christopher Condy is an individual person currently residing in Florida. Condy is the former business partner of defendant Weiss in the ownership and

operation of two drug and alcohol treatment facilities: Elev8 Center New Jersey LLC ("Elev8 NJ") and Elev8 Center New York, LLC ("Elev8 NY").

12.    Defendant Montecito Trust is a Puerto Rican trust, originally formed as the Marsha Bloomfield Irrevocable Trust on or about May 8, 2015, and, two days later, renamed the Montecito Trust. It was funded with just $10,000 purportedly contributed by defendant Weiss's mother. It was supposedly created to benefit Weiss's children but was in fact used as part of a scheme by Weiss to evade the legitimate claims of his creditors, as detailed below.

13.    Elev8 Center Holdings, LLC ("Elev8 Holdings") is a Delaware limited liability company formed on or about January 19, 2017, by Blackmere Partners Inc.

14.    Blackmere Partners Inc. ("Blackmere Inc.") is a Puerto Rican corporation formed at the direction of defendant Weiss on or about May 12, 2015. On paper, Blackmere Inc. owns 100% of Elev8 Holdings. Blackmere Inc. and Elev8 Holdings were another part of the scheme by defendant Weiss to evade the legitimate claims of Weiss's creditors. At the request and direction of Weiss, defendant Condy became the Trustee of defendant Montecito Trust and the sole member of Blackmere Inc. on or about July 10, 2017. Condy retains those positions to this day.

15.    Elev8 Holdings operated and owned, in whole or in part, for-profit alcohol and drug treatment facilities in New York ("Elev8 NY") and New Jersey ("Elev8 NJ"). Elev8 NJ is a New Jersey limited liability company formed on or about March 29, 2019. On paper, it was at all times 100% owned by Elev8 Holdings. Elev8 NY is a New York limited liability company originally organized by defendant Weiss on or about April 26, 2017. Its operating agreement, dated December 25, 2017, was executed by defendant Weiss as the "manager" of Elev8 Holdings.

## FACTUAL ALLEGATIONS

*Weiss Accrues Fraud Judgment Creditors and a Criminal Restitution Obligation*

16.     From about 2008 to November 2015, defendant Weiss was the owner, operator, and principal of an entity named Family Endowment Partners, LP ("Endowment Partners"). At various times, Endowment Partners had offices in one or more of the District of Massachusetts, the District of Maryland, and the Eastern District of Pennsylvania.

17.     Operating through Endowment Partners, defendant Weiss held himself out as an investment adviser to wealthy individuals and families, purporting to offer investment advice and wealth management services in return for a fee based on a percentage of his clients' portfolios.

18.     In truth, despite his acknowledged fiduciary duties to his clients, defendant Weiss embezzled, misused, and misapplied their funds.

19.     Among other acts of misconduct, defendant Weiss convinced some of his clients to invest money in certain entities, while failing to disclose to those clients that that he effectively controlled the entities in which he had convinced them to invest. In turn, Weiss used his control over the targets of his clients' investments to misuse much of his clients' invested funds. For example, Weiss poured some of those monies into other entities in which he had a personal ownership or investment interest. In other instances, Weiss used his clients' money to pay off previous investors, pay his payroll, pay the basic expenses of running his own business, and pay his personal living expenses. Weiss's clients were deprived of material information: that Weiss was causing them to invest their money in entities in which he had a personal interest and that their funds were being misapplied to support Weiss and the operational costs of his investment advisory business.

20.     As a result of defendant Weiss's breaches of his fiduciary duties and fraudulent activities, Weiss faced a variety of lawsuits and other legal actions.

21.    Among these was an arbitration initiated by clients of defendant Weiss, identified here as J & JS, on or about July 17, 2013, against Endowment Partners and Weiss. On or about April 14, 2015, an arbitrator appointed by the American Arbitration Association handed down a written decision in that action in which he awarded J & JS more than $48 million in compensatory and punitive damages. In his opinion, the arbitrator found that defendant Weiss had breached his fiduciary duty; had made investments with minimal or non-existent due diligence; had issued portfolio statements that were misleading; and had recommended investments that were entirely inappropriate for J & JS.

22.    On or about September 29, 2015, the Securities & Exchange Commission ("SEC") filed a civil lawsuit against defendant Weiss, Endowment Partners, and several other entities owned or controlled by Weiss, charging multiple counts of securities fraud and investment adviser fraud (the "SEC Litigation"). The SEC's complaint alleged, among other things, that Weiss had breached his fiduciary duties to his clients; had withheld vital information from his clients; had made affirmative misrepresentations to his clients; and had misappropriated and misapplied his clients' funds.

23.    On or about June 20, 2016, final judgment was entered in the SEC Litigation, under which defendant Weiss became liable for a total of more than $8.5 million in disgorgement suit, to be paid to the victims of his misconduct, and a civil penalty of $1 million.

24.    In March 2019, a client of defendant Weiss, identified here as BG, obtained a judgment of more than $9.4 million against defendant Weiss on account of defendant Weiss's misconduct as BG's investment adviser.

25.    On April 29, 2020, the United States Attorney's Office for the Eastern District of Pennsylvania filed an information that charged defendant Weiss with mail and wire fraud in violation of 18 U.S.C. § §1341 and 1343. On December 2, 2020 a federal grand jury handed down a second superseding indictment that charged Weiss

with six counts of wire fraud, two counts of mail fraud, and one count of investment adviser fraud.

26.    On March 21, 2022, defendant Weiss pleaded guilty to one count of investment adviser fraud, in violation of 15 U.S.C. §§ 80b–6 and 80b–17. As part of his plea, Weiss admitted that he bore fiduciary duties to his clients; that relying on the trust that they placed in him, he advised his clients to invest $7.5 million in entities that he controlled; that he hid from those clients the fact of his control of the entities in which he caused them to invest; and that he used his control over those entities to divert those funds for purposes unrelated to legitimate investment, including payments to benefit Weiss and the employees, investors, and creditors of his investment advisory business.

27.    On August 8, 2022, the Honorable Eduardo C. Robreno, United States District Judge, sentenced defendant Weiss to five years in prison, the statutory maximum for the charge. Judge Robreno also ordered Weiss to pay restitution to his victims in the amount of $7,500,000 and a criminal fine of $250,000. The Judge also ordered Weiss to pay $20,000 immediately towards his restitution obligation.

28.    As a result of his conduct, and the many civil and criminal judgments that were consequently lodged against him, defendant Weiss accumulated tens of million dollars in judgments against himself. Weiss made no voluntary payments on any of these judgments.

*Weiss Deploys a Scheme to Evade his Just Debts*

29.    Notwithstanding his outstanding judgments and his obligations to the victims of his frauds, defendant Weiss sought to live a life of comfort and luxury. He therefore devised and executed a scheme to defraud his creditors by hiding his effective ownership and control of certain assets, and by using those assets for his personal benefit, while keeping them insulated from his legitimate judgment creditors.

30.    Defendant Weiss carried out his scheme to evade his just debts, in part, by causing the incorporation of Blackmere Inc. approximately one month after he lost $48

6

million in the arbitration to former clients J & JS. In furtherance of that scheme, on May 19, 2015, all shares of Blackmere Inc. were transferred to the control of the Montecito Trust for inadequate consideration.

31.     In about 2015, two individuals met with defendant Weiss, who told them that he was starting a new registered investment advisor business, Blackmere Partners LLP. Weiss led these individuals to believe that he owned the business and he invited them to invest. As a result of these representations, both individuals agreed to invest and both lost their entire investments. At about the same time, Weiss told a client of Endowment Partners that he was starting a new financial services firm called Blackmere and asked that client to move his investments to Blackmere. The client declined and later sued Weiss.

32.     Defendant Weiss further carried out his scheme to evade his just debts, in part, by using lies, deceit, and misrepresentations to: (i) convince defendant Condy to become the nominee trustee of the Montecito Trust and director of Blackmere Inc.; (ii) convince Condy to make substantial and material investments into Elev8 NY and Elev8 NJ (collectively, the "Rehabilitation Businesses"); (iii) reap the advantages of effective ownership of the Rehabilitation Businesses by, for example, diverting income and assets away from the Rehabilitation Business to his own personal benefit; and (iv) falsely claim to the Court in connection with his criminal case, the United States, and his other creditors that he had no ownership interest in Blackmere Inc., Elev8 Holdings, and the Rehabilitation Businesses, all the while exercising effective ownership and control of them, and expecting and intending to reap the financial benefits from their eventual sale or other disposition.

33.     In around 2015, defendant Weiss asked defendant Condy to join Blackmere Inc. as his partner. Weiss represented to Condy that Blackmere Inc. was a Puerto Rico-based investment business that came with tax advantages as a result of being located in Puerto Rico. Condy agreed to join Weiss, who represented to Condy

that they were both owners of Blackmere Inc., and identified Condy to third parties as an owner of Blackmere Inc.

34.    In July 2017, in furtherance of his scheme to defraud his creditors, defendant Weiss caused the trustee of the Montecito Trust, who also acted as the sole director of Blackmere Inc., to resign and to be replaced with defendant Weiss's friend and business partner, defendant Condy. At that time, the Montecito Trust had only about $10,000 in its bank account, approximately the same amount that it had since its inception in 2015.

35.    Starting in approximately 2017, defendant Condy and defendant Weiss began to jointly invest in several addiction rehabilitation businesses that Weiss proceeded to operate as CEO. One of these businesses, Elev8 NY, a facility in New York City, was owned in part by Weiss, in part by Condy, and in part by other owners. At Weiss's direction, and to disguise Weiss's actual ownership interest, both Weiss's and Condy's investments in Elev8 NY were made from Blackmere Inc. through Elev8 Holdings and then to Elev8 NY. The New York facility was operated by Weiss.

36.    In or about 2020, the other owners of Elev8 NY became dissatisfied with how defendant Weiss ran the business, fired Weiss as CEO, and assumed control of Elev8 NY's operations. Nonetheless, defendants Condy and Weiss maintained a non-controlling ownership interest in that business.

37.    At about the time that he was discharged from his position of CEO of Elev8 NY, defendant Weiss persuaded defendant Condy to invest in, and help him to build, a new addiction treatment facility, located in Newark, NJ, called Elev8 NJ. Weiss represented that defendant Condy would be his equal partner in the business, which was owned on paper by Blackmere Inc. as 100% owner of Elev8 Holdings.

38.    Elev8 NJ began its business in or about the summer of 2021. Under his agreement with defendant Condy, defendant Weiss maintained operational control over

Elev8 NJ, and was responsible for such things as hiring the staff and building the facility from the ground up.

39.    Defendant Weiss took actions concerning Elev8 NJ that were consistent only with his status as an owner of the business. Among these incidents of ownership were Weiss's repeated use of company assets and company funds for entirely personal purposes. Weiss also held himself out to employees of Elev8 NJ as a co-owner with defendant Condy.

40.    For example, in August 2022, as part of his criminal sentence, defendant Weiss was ordered to pay $20,000, within 30 days, toward his $7,500,000 restitution obligation. Starting on or about September 8, 2022, Elev8 NJ sent a series of three checks and one wire transfer in an effort to pay Weiss's court-ordered $20,000 installment payment. The three checks bounced, and the wire transfer failed. Finally, on or about September 27, 2022, the District Court Clerk's Office received a certified bank check drawn on Elev8 NJ's account for $20,312, representing the restitution payment plus $312 to cover the fees the Clerk's Office had incurred for depositing bad checks.

41.    Similarly, on March 8, 2021, $100,000 was wired directly from an Elev8 NJ bank account to one of the attorneys who represented defendant Weiss in the criminal case arising from his ownership and operation of Endowment Partners, a business unrelated to the business of Elev8 NJ.

42.    From about June 2021 to August 2022, over $1 million was paid from Elev8 NJ bank accounts to American Express to pay off American Express Credit Card balances, including those of cards held by defendant Weiss and his then-wife.

43.    On or about May 22, 2022, after pleading guilty to investment adviser fraud, but before being sentenced, defendant Weiss used his effective ownership and control over Elev8 NJ to make it falsely appear that his wife was an owner/member of that entity by having corporate documents amended to reflect his then-wife's member status.

44.    After being sentenced, but before reporting to serve his federal prison sentence, and then again while serving his federal sentence, defendant Weiss used his position of authority and ownership over Elev8 NJ to direct employees of Elev8 NJ to prepare and provide to him false, forged, and fabricated medical records which he subsequently used in an attempt to obtain early release from imprisonment. Those employees followed Weiss's directions, even when he was in prison, because they understood that he was an owner of the business.

45.    Notwithstanding his actual and effective ownership interests in Blackmere Inc., Elev8 Holdings, Elev8 NJ, and Elev8 NY, and to shield those ownership interests from his creditors while enjoying their benefits, defendant Weiss repeatedly claimed that he had no actual ownership interests in those entities. Thus, for example, in a March 29, 2022, pre-sentence interview with a United States Probation Officer, Weiss maintained that Blackmere Inc. and Elev8 NJ were independent third-party entities that had hired him as nothing more than an employee.

46.    During that same interview, defendant Weiss claimed that defendant Condy was an owner of Elev8 NJ, that Condy had hired Weiss as CEO of the facility, and that his job would be "ending pending the sentencing outcome."

47.    In connection with the same presentencing report, defendant Weiss's attorney wrote to the Probation Officer on Weiss's behalf to allegedly "clarify" Blackmere Inc.'s status. Weiss's counsel admitted that the Montecito Trust had been created for the purpose of avoiding the $48 million judgment in favor of J & JS. As defendant Weiss's representative, his counsel claimed that the Montecito Trust owned 100% of Blackmere Inc.'s stock and that: "Mr. Weiss is not now, and has never been, a grantor, beneficiary, or trustee of the Trust. He has no ownership interest in Blackmere or any of the Elev8 entities."

48.    On December 9, 2021, defendant Weiss sat for a deposition in a judgment-creditor action brought by one of his victims who was trying to locate Weiss's assets to

10

satisfy that victim's civil judgment. During that deposition, Weiss misrepresented his relationships with Blackmere Inc., Elev8 NY, and Elev8 NJ, falsely portraying himself as merely an employee or consultant to those entities, rather than the *de facto* owner that he was.

49.    On or about April 18, 2022, defendant Weiss signed, under penalty of perjury, a financial statement pursuant to the requirements of his criminal plea agreement. In response to a question that asked whether he owned or operated any corporations, partnerships, or LLCs, Weiss did not mention Blackmere Inc., Elev8 NY, or Elev8 NJ.

50.    In that same financial statement, defendant Weiss falsely claimed that his then-wife was a five-percent owner of Elev8 NY.

51.    On or about August 31, 2022, defendant Weiss wrote an email to defendant Condy in which he acknowledged that Condy was the 50-percent owner of Blackmere Partners, but maintained contrary to fact that the other owner was defendant Montecito Trust.

*The Sale of the Rehabilitation Businesses*

52.    After defendant Weiss reported to federal prison, defendant Condy became actively involved in the management of Elev8 NJ and the status of Elev8 NY.

53.    On or about March 31, 2023, the interest of Elev8 Holdings in Elev8 NY was sold to other partners in that business for payments totaling about $2 million. Those proceeds were placed into escrow and continue to be held in escrow pending resolution of conflicting claims to ownership of those funds.

54.    On or about January 5, 2024, Elev8 NJ was sold by Elev8 Holdings to a third party for $6.65 million. Those proceeds were placed into escrow and continue to be held in escrow pending resolution of conflicting claims to ownership of those funds.

55.    The escrowed proceeds from the sale of (1) Elev8 NJ, and (2) Elev8 NY constitute the "Facility Sale Proceeds."

56.     The Government may enforce restitution orders "against all property or *rights to property*" of the defendant. *See* 18 U.S.C. §§ 3613(a), (f) (emphasis supplied). "Property" is defined broadly under the FDCPA to include, among many other things, any present or future interest, whether vested or contingent, "however held." *See* 28 U.S.C. § 3002(12).

57.     Under the FDCPA, "[a] court may issue a writ of garnishment against property … in which [a] debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy [a] judgment against the debtor." 28 U.S.C. § 3205(a).

### COUNT I
### Weiss as Equitable Owner/Nominee

58.     The United States incorporates by reference paragraphs 1 through 57 above.

59.     Despite the official chain of title that defendant Weiss had created, Weiss was at all times, the actual, effective, and equitable owner of property interests in Elev8 NY and Elev8 NJ through Weiss's nominee ownership and control of Elev8 Holdings and Blackmere Inc.

60.     Despite the official chain of title that defendant Weiss had created, defendant Condy was also at all times, the actual, effective, and equitable owner of property interests in Elev8 NY and Elev8 NJ through Elev8 Holdings and Blackmere Inc. In truth and in fact, Cody was Weiss's partner in Elev8 NY, Elev8 NJ, Elev8 Holdings, Blackmere Inc.

61.     Despite the official chain of title that defendant Weiss had created, Weiss was at all times, an actual, effective, and equitable owner/nominee of property interests in the Facility Sale Proceeds.

62.    Despite the official chain of title that defendant Weiss had created, defendant Condy was also at all times an  effective, and equitable owner of property interests in the Facility Sale Proceeds.

63.    Despite the official chain of title that defendant Weiss had created, defendant Montecito Trust has never had, and does not now have, any actual, effective, or equitable property interests in the Facility Sale Proceeds.

64.    The United States is entitled to garnish and recover defendant Weiss's property interests in Blackmere Inc., Elev8 Holdings, Elev8 NY, and Elev8 NJ, and/or in the Facility Sale Proceeds.

**CLAIM FOR RELIEF**

WHEREFORE, plaintiff the United States of America respectfully requests that this Court enter judgment in its favor and against defendants as follows:

A.    That this Court order and declare that defendant Lee D. Weiss possesses an equitable property interest as nominee owner in the Facility Sale Proceeds and determine and declare that such interest in such proceeds is subject to a criminal restitution lien in favor of the United States.

B.    That this Court order and declare that defendant Christopher Condy possesses an equitable property interest in the Facility Sale Proceeds and determine and declare the extent of such interest.

C.    That this Court order and declare that defendant Montecito Trust possesses no property interest in the Facility Sale Proceeds.

D.    That this Court issue a Writ of Garnishment against the property interest of defendant Lee D. Weiss in the Facility Sale Proceeds as partial payment for his criminal restitution obligation.

E.    That the Court award such other and further relief as is appropriate and just.

Respectfully submitted,

DAVID METCALF
United States Attorney

MATTHEW T. NEWCOMER
Assistant United States Attorney
Deputy Chief, Economic Crimes
Asset Recovery & Financial Litigation

*/s/ Lauren R. Baer*
PAUL G. SHAPIRO
LAUREN R. BAER
Assistant United States Attorneys

Date: May 12, 2025.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Lee D. Weiss, Christopher Condy, Montecito Trust |

| (b) County of Residence of First Listed Plaintiff | Philadelphia | County of Residence of First Listed Defendant | Middlesex County, MA |
|---|---|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | | *(IN U.S. PLAINTIFF CASES ONLY)* | |
| | | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. | |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Lauren R. Baer/Paul G. Shapiro, AUSAs/US Attorney's Office, 615 Chestnut Street, Ste 13250, Phila, PA 19106/ (215) 861-8338/8325 | Michael A. Schwartz, Esq., Troutman Pepper Locke, 3000 Two Logan Square 18th & Arch Streets, Phila, PA 19103/ (215) 981-4494 [Christopher Condy] |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [X] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [X] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1355

Brief description of cause:
recover restitution under the Federal Debt Collections Procedures Act (FDCPA)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE Hon. Kai N. Scott    DOCKET NUMBER 20-cr-163

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 12, 2025 | /s/ Lauren R. Baer, AUSA |

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
   United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
   Original Proceedings.  (1) Cases which originate in the United States district courts.
   Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
   Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
   Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____Philadelphia, PA_____

---

***RELATED CASE IF ANY:*** Case Number: __20-cr-163___    Judge: __Kai N. Scott____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☒
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☒ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☒ 16. All Other Federal Question Cases. *(Please specify):*    28 USC 1355

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**5.** Is this case related to an earlier numbered suit even though none of the above categories apply? Yes

If yes, attach an explanation.

**Explanation for Related Case: This case is filed to enable the recovery, pursuant to the Federal Debt Collection Procedures Act, of a restitution judgment entered as part of the sentence in United States v. Lee Weiss, criminal no. 20-CR-163. That earlier case is currently assigned to the Honorable Kai Scott.**